IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HARRY L. HOFFMAN, an individual,

Plaintiff,

v.

JURY TRIAL DEMANDED
INJUNCTIVE RELIEF SOUGHT

CALVIN, GIORDANO & ASSOCIATES,
INC., a Florida corporation,

Defendant.
_____/

## COMPLAINT

Plaintiff, Harry L. Hoffman, an individual, sues Defendant, Calvin, Giordano & Associates, Inc., a Florida corporation, and alleges:

### *INTRODUCTION*

1. This is an action for violation of 15 U.S.C. §1681, *et seq.*, known more commonly as the "Fair Credit Reporting Act" ("FCRA"). The FCRA imposes on employers that use a consumer's public records background check several important procedural requirements designed to protect consumers like Plaintiff. Plaintiff applied for a job as a zoning inspector for Defendant and Defendant conditionally accepted him for employment subject to the results of a background check. Defendant unlawfully used the consumer report of Plaintiff that it had obtained from a third party, Employment Screening Services ("ESS"), to decline to hire and/ or fire Plaintiff. In doing so, Defendant failed to comply with the procedural requirements imposed upon it by the FCRA.

## *JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C §1681n and 1681p.

3. Venue is proper in this Court under 28 U.S.C.§1391(b) as the Defendant regularly does business in the district and division, and Plaintiff applied for a job at a facility managed by Defendant in Broward County, Florida.

## *ALLEGATIONS AS TO PARTIES*

4. Plaintiff, Harry L. Hoffman ("Mr. Hoffman") is *sui juris* and a resident of Broward County, Florida, and is a "consumer" as said term is defined by 15 U.S.C §1681a(c) and 15 U.S.C §1682a(3).

5. Defendant, Calvin, Giordano & Associates, Inc., is a Florida corporation doing business in Broward County, Florida ("CGA"). At all times material hereto, CGA was a "user" of consumer reports, as governed by the FCRA.

## *KEY APPLICABLE FCRA STATUTES*

6. 15 U.S.C. §1681a(d)(1) defines a "consumer report" as "*any* written, oral or other communication of *any information* by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, mode of living which is used or expected to be used for ..., *inter alia*, (B) employment purposes."

7. Section 1681b(b)(2)(A) of the FCRA regulates the conduct of persons who obtain a "consumer report" about prospective employees as follows:

    i. Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a *person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to*

*any consumer, unless –*

ii. a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

iii. the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(emphasis added by Plaintiff)

8. Section 1681b(b)(2)(A)(i) therefore imposes the duty on Defendant to provide a "clear and conspicuous" disclosure to prospective employees that a consumer report about them will be procured. Further, §1681b(b)(2)(A)(i) mandates that the disclosure must be limited only to a disclosure that a consumer report may be obtained for employment purposes and to the written authorization of the prospective employee; no other documents or provisions are allowed. Section 1681b(b)(2)(A) prohibits Defendant from including the disclosure in an employment application.

9. Section 1681b(b)(2)(A)(ii) requires Defendant to obtain the consumer's advance written authorization for the consumer report.

10. Additionally, §1681b(b)(3)(A) of the FRCA regulates the conduct of any person who uses a "consumer report" to take adverse action against any prospective employee as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

  (i)  a copy of the report; and

  (ii)  a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

11. The purpose of §1681b(b)(3)(A) is to provide a prospective employee notice of their rights under the FCRA and a sufficient amount of time to review the consumer report in light of those rights, correct any inaccuracies, and to notify the prospective employer of these inaccuracies before an adverse action is taken.

## GENERAL ALLEGATIONS

12. At all times material hereto, ESS was a "consumer reporting agency" as governed by the FCRA. During the relevant time, ESS was regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

13. Upon information and belief, Defendant also obtained consumer reports from additional consumer reporting agencies during the FCRA statute of limitations period.

14. Upon information and belief, any additional consumer reporting agencies that supplied consumer reports to Defendant were regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681(d) to third parties.

15. On or about October, 2011, Mr. Hoffman applied for an employment position with CGA as a code enforcement inspector at the Fort Lauderdale facility of CGA.

16. On or about October 18, 2011, at the request of CGA, ESS prepared a criminal

background report as to Mr. Hoffman ("Hoffman Background Report").

17. On or about October 19, 2011, after receiving the Hoffman Background Report, CGA informed Mr. Hoffman that CGA would not hire Mr. Hoffman as a result of adverse information on the background report of Mr. Hoffman.

18. After learning that he would not be hired by CGA, Mr. Hoffman contacted the Human Resources Assistant for the Fort Lauderdale office of CGA, to-wit: Rachel Mountz ("Ms. Mountz") to request information concerning the reason, if any, for his not being hired by CGA.

19. In response to the inquiry by Mr. Hoffman, Ms. Mountz represented to Mr. Hoffman that CGA did not intend to hire Mr. Hoffman as a result of the Hoffman Background Report.

20. On October 18, 2011, CGA through Ms. Mountz sent or caused to be sent an electronic mail communication to Mr. Hoffman ("10/18/11 Mountz Email").

21. Pursuant to the 10/18/11 Mountz Email, CGA through Ms. Mountz provided attachments consisting of *inter alia* a document entitled "Adverse Action Letter" ("Adverse Action Notice").

22. A true and correct copy of the Adverse Action Notice is attached hereto and incorporated by reference as Exhibit "A."

23. Defendant failed to hire and or fired Plaintiff without providing him with any advance notice that it was going to take that adverse action, without first providing him with a copy of the consumer report, and without first providing him with a written summary of his rights under the FCRA.

24. Defendant failed to provide a copy of the foregoing statutorily mandated

information in a sufficient amount of time before it took the adverse action to allow Plaintiff to discuss the report with Defendant or otherwise respond before the adverse action was taken by Defendant.

25. Upon information and belief, it is Defendant's standard hiring practice to obtain and rely on consumer reports for employment purposes without obtaining the required disclosure or a legitimate written authorization from applicants and employees. When the results are unsatisfactory, Defendant refuses to hire or fires people on the spot without giving them any advance notice of the adverse action, without first providing them with a copy of their consumer report, and without providing them with a summary of their rights under the FCRA before taking the adverse action.

26. As a result of these FCRA violations, the Defendant is liable to Plaintiff, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C.§1681n(a)(2) for each of the violations alleged herein, and for attorney's fees and costs pursuant to §1681n and §1681o.

27. Plaintiff is entitled to equitable relief against Defendant requiring its compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining its future violations of the FCRA.

## COUNT I - VIOLATION OF THE FCRA §1681b(b)(3)(A)(i) AND/OR (B)

28. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1 through 27 above as if set forth hereat in full.

29. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(i) and/or (B), because it failed to provide a copy of the consumer report used to make an employment decision

to Plaintiff before taking an adverse action that was based in whole or in part on that report in the manner and in the time period mandated by the FCRA.

30. Plaintiff seeks actual and statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A) and (B).

31. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C §1681n(a)(2).

32. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks an appropriate remedy, if any, under 15 U.S.C.§1681o.

33. Mr. Hoffman is entitled to recover his reasonable attorney's fees and court costs in this action pursuant to 15 U.S.C. §1681n(a)(3).

WHEREFORE, Plaintiff, Harry L. Hoffman, an individual, demands judgment against Defendant, Calvin, Giordano & Associates, a Florida corporation, for damages, together with court costs and attorneys fees pursuant to 15 U.S.C. §1681n(a)(3).

## COUNT II - VIOLATION OF THE FCRA §1681b(b)(3)(A)(ii) AND/OR (B)

34. Plaintiff realleges and reaffirms the allegations contained in paragraphs 1 through 27 above as if set forth hereat in full.

35. Defendant willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii) and/or (B), because it failed to provide Plaintiff the summary of rights required by this section of the FCRA before taking an adverse action that was based in whole or in part on a consumer report in the manner and in the time period mandated by the FCRA.

36. Plaintiff seeks actual and statutory damages for this violation pursuant to 15

U.S.C. §1681n(a)(1)(A).

37. Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C §1681n(a)(2).

38. In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seeks an appropriate remedy, if any, under 15 U.S.C.§1681o.

39. Mr. Hoffman is entitled to recover his reasonable attorney's fees and court costs in this action pursuant to 15 U.S.C. §1681n(a)(3).

WHEREFORE, Plaintiff, Harry L. Hoffman, an individual, demands judgment against Defendant, Calvin, Giordano & Associates, Inc., a Florida corporation, for damages, together with court costs and attorneys fees pursuant to 15 U.S.C. §1681n(a)(3).

## DEMAND FOR JURY TRIAL

Plaintiff, Harry L. Hoffman, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

_____
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Attorney for Plaintiff
rphyu@aol.com

# Adverse Action Letter

October 18, 2011
Harry Hoffman
4230 SW 55th Ave
Davie, FL 33314

Dear Applicant,

We regret to inform you that our Company is either (a) unable to offer you employment; (b) terminated your employment; or (c) has decided not to offer you a promotion.

This decision was based in whole or in part on information contained in a report from Employment Screening Services, a copy of which is enclosed. The agency did not make this employment decision and is unable to supply you with specific reasons why the decision was made.

Under Section 611 of that Act, and state law you have the right to dispute the accuracy or completeness of any information in the report by contacting Employment Screening Services. If the report is a credit report, under Section 612 of the Fair Credit Reporting Act, you have the right to obtain a free copy of the report if you submit a written request to the consumer reporting agency or contact the credit bureau that furnished the report no later than 60 days after you receive this notice.

Employment Screening Services
1401 Providence Park Birmingham, AL 35242
205-879-0143
1-866-859-0143

**Massachusetts applicants or employees only (this section applies only if the report referenced above is a credit report):** You have the right to obtain a free copy of your credit report within sixty days from the consumer credit reporting agency which has been identified on this notice. The consumer credit reporting agency must provide someone to help you interpret the information on your credit report. Each calendar year you are entitled to receive, upon request, one free consumer report. You have the right to dispute inaccurate information by contacting the consumer credit reporting agency directly. If you have notified a consumer credit reporting agency in writing that you dispute the accuracy of information in your file, the agency must then, within thirty business days, reinvestigate and modify or remove inaccurate information. The consumer credit reporting agency may not charge a fee for this service. If reinvestigation does not resolve the dispute to your satisfaction, you may send a letter to the consumer credit reporting agency, to be kept in your file, explaining why you think the record is inaccurate. The consumer credit reporting agency must include your statement about the disputed information in a report it issues about you.

**California applicants or employees only (this section applies only if the report referenced above is a credit report):** You have the right to obtain a free copy of your credit report within 60 days from the consumer credit reporting agency which has been identified on this notice and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis. Under California law, you also have the right to dispute with the consumer reporting agency the accuracy or completeness of any information in the report.

Sincerely,

Human Resources Department
**Calvin, Giordano & Associates, Inc**
Fort Lauderdale, FL 33316



EXHIBIT A

Enclosures:
Copy of Consumer Report
FCRA Notice of Rights
FCRA Contact Sheet